IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CAREY, JOSEPH BORDEN, and PEDRO ESPINOZA, each as an individual, on his own behalf,<br><br>           Plaintiffs,<br><br>    v.<br><br>S.J. LOUIS CONSTRUCTION INC., a Minnesota Corporation, and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation,<br><br>           Defendants. | 2:10-cv-02017-GEB-GGH<br><br>ORDER DISMISSING ACTION WITH PREJUDICE |

      On December 15, 2011, the parties filed a stipulated dismissal of this action with prejudice, in which they state "[t]he Court . . . shall retain jurisdiction solely for the purpose of enforcing the terms of the Parties' confidential settlement agreement." Although the parties presume a federal judge will retain jurisdiction over what the parties characterize to be their confidential settlement agreement, the parties have not shown that exercising jurisdiction as they request is "essential to the conduct of federal-court business." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994). "[T]he mere fact that the parties agree that the court should exercise continuing jurisdiction [over their settlement agreement] is not binding on the court." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir.

1  1996)(stating "the district court was under no obligation to . . .
2  retain continuing jurisdiction over [settlement] agreements."). "A
3  federal court may refuse to exercise continuing jurisdiction even though
4  the parties have agreed to it." Collins v. Thompson, 8 F.3d 657, 659
5  (9th Cir.1993), cert. denied, 511 U.S. 1127(1984).

6  　　　　Further, since the parties have settled this action, this
7  action is dismissed with prejudice as the parties state in their
8  stipulation. See Oswalt v. Scripto, Inc., 616 F.2d 191, 195 (5th Cir.
9  1980) (stating "[n]or are we deterred from finding a stipulated
10 dismissal by the fact that there is no formal stipulation of dismissal
11 entered in the record by the [the parties]," in the situation where it
12 is obvious that is what the parties intended).

13 Dated:  December 19, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge